IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-228-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KIMBERLY NICOLE TORRES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon receipt of correspondence from the Bureau of Prisons' ("BOP"), dated May 31, 2018, requesting the court's position on whether defendant's federal term of imprisonment should run concurrent or consecutive to her subsequently-imposed state sentences. Said correspondence is attached to this order as Appendix A.

**BACKGROUND**

On November 4, 2015, the court sentenced defendant to a term of 52 months imprisonment, upon conviction for making a false, fictitious, or fraudulent claim for a tax refund. (See Judgment (DE 35) at 1-2). The court's judgment does not indicate whether the sentence should run concurrent or consecutive to any state sentences. The judgment also allowed defendant to "self report" to BOP for service of the term of imprisonment. (Id. at 1).

According to the instant correspondence, defendant was arrested on "new" state charges on February 8, 2016, before she self-reported to BOP for service of her federal sentence. (BOP Correspondence (App. A) at 1). The state charges included obtaining property by false pretenses (two counts), forgery of instrument, and identity theft. (Id.) On March 15, 2016, the state court sentenced defendant to 11 to 23 months imprisonment on the first count of obtaining property by

false pretenses, and ordered that the sentence run concurrent to defendant's instant federal sentence. (Id.) On March 16, 2016, the state court sentenced defendant to a 15-month term of imprisonment on the remaining charges. (Id.) The state court's March 16, 2016, judgment did not indicate whether the state court intended the sentence to run concurrent or consecutive to defendant's federal sentence. (Id.) Because defendant was sentenced on the state charges and remanded to state custody before she self-reported for her federal sentence, federal authorities lodged a detainer against her. (Id.)

Defendant completed her state sentences on February 8, 2017, and was transferred to federal custody to serve her federal sentence. (Id.) According to BOP's calculations, if defendant's instant federal sentence runs concurrent to the state sentences summarized above, her anticipated release date is November 17, 2019. (Id. at 2). If defendant's federal sentence runs consecutive to the state sentences, her anticipated release date is November 1, 2020. (Id.) Defendant has formerly requested that BOP credit her time served in state prison toward her federal sentence. (Id.)

## DISCUSSION

The BOP has authority to designate a federal prisoner's placement of imprisonment, which may be a state prison. 18 U.S.C. § 3621(b). Section 3621(b) provides that BOP should consider the following factors when designating the place of imprisonment: (1) "the resources of the facility contemplated"; 2) "the nature and circumstances of the offense"; 3) "the history and characteristics of the prisoner"; 4) "any statement by the court that imposed the sentence – (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate"; and 5) "any pertinent policy statement issued by the Sentencing Commission . . . ." Id. A federal defendant serving a state

2

sentence can request that BOP retroactively designate the state prison as her place of imprisonment pursuant to § 3621(b), which (if granted) effectively credits the time spent in state custody toward the federal sentence. See Mangum v. Hallembaek, 824 F.3d 98, 100-01 (4th Cir. 2016). Pursuant to § 3621(b)(4) and internal BOP policy, BOP sent the instant correspondence to the court, requesting that the court provide its "position" on whether the state and federal sentences should run concurrently or consecutively.

As an initial matter, the court has no authority to modify defendant's judgment or otherwise "order," post-judgment, that the sentences run concurrently or consecutively. See Dillon v. United States, 560 U.S. 817, 824 (2010) ("'A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment' and may not be modified by a district court except in limited circumstances.'") (quoting 18 U.S.C. § 3582(b)).

The court also declines to issue a recommendation to BOP concerning whether the subject sentences should run concurrently or consecutively. On the record before the court, there is no indication that the underlying offense conduct in the federal offense bears any relation to the underlying offense conduct at issue in the state convictions. See U.S.S.G. § 5G1.3(c) ("If . . . a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment."). Accordingly, the court takes no position on whether the state court sentences should run concurrently or consecutively to defendant's federal sentence or whether BOP should retroactively designate defendant's state prison as her place of confinement for her federal sentence. The court notes, however, that the state court recommended that at least one of the state sentences should run concurrent to the federal sentence, and "one might

3

reasonably expect the BOP to exercise its discretion to weigh heavily what the state judge did say rather than what the federal judge did not [when making the § 3621(b) determination]." Mangum, 824 F.3d at 103.

The court further notes that BOP's suggestion that retroactive designation can be made only if the court "orders, recommends, or otherwise indicates the federal term is to be concurrent with the state term" (BOP Correspondence (App. A) at 2), is not correct. See Mangum, 824 F.3d at 102-03. To be sure, authority to order a sentence to run consecutive or concurrent to another sentence rests solely with the district court. Setser v. United States, 566 U.S. 231, 239 (2012). But BOP retains authority under § 3621(b) to retroactively designate a state prison as the place of confinement and thereby "credit" time served in state prison towards a federal sentence. See Setser, 566 U.S. at 241 ("If a prisoner like Setser starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government – whether the district court or the [BOP] – that decides whether he will receive credit for the time served in state custody."). And that is particularly true where, as here, statutory law does not require that the sentences be served consecutively and the district court's judgment is silent on the issue. See Mangum, 824 F.3d at 100-01 (recognizing, post Setser, BOP's authority to credit time served on state sentence as part of federal sentence where district court judgment is silent on the issue of whether the sentences should run concurrently or consecutively).

Upon filing, the clerk of court is DIRECTED to transmit a copy of this order to John O'Brien and Marcus Boudreaux at the BOP's Designation and Sentence Computation Center.

SO ORDERED, this the 27th day of June, 2018.

                                                                                           _____
                                                                                           LOUISE W. FLANAGAN
                                                                                         United States District Judge

# APPENDIX A



U.S. Department of Justice
Federal Bureau of Prisons

Designation and Sentence Computation Center

RECEIVED
JUN 0 7 2018
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051

May 31, 2018

The Honorable Louise W. Flanagan
United States District Court Judge
  for the Eastern District of North Carolina
United States Courthouse
413 Middle Street
New Bern, North Carolina 28560

RE:  TORRES, Kimberly Nicole
     Register Number: 58770-056
     Case Number: 5:14-CR-228-1FL

Dear Judge Flanagan:

On November 4, 2015, Kimberly Nicole Torres was sentenced by the Court to a 52-month term of confinement for Making a False, Fictitious, or Fraudulent Claim for a Refund. Ms. Torres was allowed to voluntary surrender at the institution designated by the Bureau of Prisons (Bureau) on April 5, 2016.

On February 8, 2016, Ms. Torres was arrested by non-federal authorities in the State of North Carolina based on new charges. On March 15, 2016, she was sentenced by the State of North Carolina to a 11 to 23-month term of imprisonment for Obtain Property False Pretense. At the time of sentencing in this case, the Court advised the sentence was to run concurrently with the federal sentence. Due to these new charges, Ms. Torres did not voluntary surrender to federal authorities on April 5, 2016, as directed by the Court.

On March 16, 2016, Ms. Torres was also sentenced by the State of North Carolina to a 15-month total term of imprisonment for Obtain Property False Pretense, Forgery of Instrument, and Identity Theft. The state information in Bureau records does not indicate whether the state intended for this sentence to run concurrent or consecutive to the federal sentence.

On February 8, 2017, Ms. Torres satisfied her state obligation and was released to the federal detainer to commence the service of his federal sentence as provided by Title 18 U.S.C. § 3585(a).

Ms. Torres has requested that her federal sentence be served concurrently with the state term, which would be accomplished by the Bureau designating the state institution for service of her federal sentence. Such action would thereby reduce the total amount of time spent in custody. In Setser v. United States, 566 U.S. 231 (2012), the United States Supreme Court held that the authority to order a federal sentence concurrent or consecutive with any other sentence rests with the federal sentencing Court.

Such a retroactive designation is made if the federal sentencing court orders, recommends, or otherwise indicates the federal term is to be concurrent with the state term. The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing court.

Should the Court indicate the sentence is to run concurrent with the state term, the Bureau will commence the sentence in the above judgment on February 8, 2016, which will result in Ms. Torres' release from Bureau custody on or about November 17, 2019. Should the Court indicate the term is to run consecutive to the state term, she will continue to a current projected release date of November 1, 2020.

Please advise us at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Marcus Boudreaux, Correctional Programs Specialist, at 972-595-3189.

Sincerely,

John O'Brien
Chief

mfe
cc: Leslie Langenberg, AUSA
Mary Vann Roberson, USPO